and please your names and how long you wish for your name. Good morning. My name is Linda. I represent Lawrence Green and 15 minutes for argument and two or three minutes for rebuttal. Good morning, your honors. I'm Assistant State's Attorney John Nowak representing the people of the state of Illinois and I'll take no more than 15 minutes. Lawrence Green was convicted of the second degree murder of Johnny Johnson. However, the trial court erred and failed to properly apply the law to the facts of this case where the state failed to disprove beyond a reasonable doubt that Lawrence had a reasonable belief in the need to use the force that he did to defend himself. The undisputed facts that came out at trial was that Johnny was at home with Catherine Green, Lawrence's mother. He was intoxicated, had hit her, had threatened, had been threatening and yelling obscenities at her and her daughter. He retrieved a bat from his car, sat on the porch with his bat before anybody else had arrived. And when Lawrence arrived at the house, he approached Lawrence with a baseball bat and hit him twice in the back and in the legs. We know that a fight ensued. They ended up on the ground, entangled, wrestling. Lawrence at some point ended up on top of Johnny and had punched him and ultimately used the baseball bat. One of the witnesses said that while this was happening, Johnny continued to struggle, continued to move his arms and legs. The court found him guilty of second-degree murder. However, the state failed to disprove that Lawrence's belief was reasonable when he used the force that he did to defend himself and therefore he should have been acquitted of second-degree murder as he had established self-defense. Well, what about the, and I know it came in by way of stipulation, but the evidence that Lawrence's sister and mother told Detective Hendricks, was it? That Johnny Johnson was, number one, on the ground, immobile, that he appeared to be knocked out. And that when Catherine Green came out, she saw him hitting him with the bat several times and they dropped the bat and it gets in the car. So is that a sufficient basis for the trial court to conclude that at least at the time Lawrence hit him, Johnny Johnson was not fighting back? It was not enough evidence to show that Johnny was sufficiently subdued in order that Lawrence could safely extricate himself from the situation. We do have a statement that LaShonda purportedly made to the detective that he appeared knocked out and appeared not to be moving. She denied making that statement at trial. But even assuming that she had made that statement, it's not enough to show that he had been sufficiently subdued. What does sufficiently subdued mean? Where it's safe for him to walk away. And so if he appeared, we don't know if he appeared to be knocked out for two seconds. She walked back and went in the house and didn't see anything more. So as he appeared to be knocked out, was he stunned for two seconds? Five seconds? We don't know how long or when in this course of events that happened. And at the same time we have Zucchini McCoy, a neighbor who was watching parts of the fight. That's my absolute favorite witness name. Yes, it is a different name for sure. Yes, but Zucchini said that she saw Lawrence first hit Johnny with his fist and Johnny continued to struggle. She also said she saw Lawrence hit him with the bat and he still continued to struggle, was still moving his arms and legs. But he was on the ground. According to Ms. McCoy, she saw the victim, the decedent, strike the defendant with the bat. She turned away, turned back, saw the defendant on top of the decedent, punched him a few times in the head. Turned back again to call the police or whatever. When she turned back toward the fight, the defendant was standing, hitting the decedent on top of the head with the bat. Now, there's plenty of case law out there that says that once the aggressor, as it were, has been subdued and lying on the ground, it's not a reasonable position to take that continuing to beat the person over the head with a bat is a reasonable position to take, saying that that's reasonable force. What was reasonable about hitting somebody who's lying on the ground with a baseball bat in the head? What's reasonable about that? Well, first, it's a state's burden to prove that it's unreasonable. What's unreasonable about it then? Well, there's no evidence that he had been, I mean, he continued, according to Ms. McCoy, he continued to struggle. And I'm not sure that it's clear. Maybe he was in pain. We don't know why he was struggling. Right. But this is also a person, even after he had been beat in the head with a bat, that it took three paramedics to subdue this guy. And they were not able to, they got him in straps, they couldn't get his head stabilized. How does that translate to the defendant's reasonable belief? Everything that happened in the apartment was not known to the defendant, according to the evidence. Everything that happened after the defendant left the scene could not possibly bear on his reasonable belief of hitting somebody in the head lying on the ground with a baseball. So confine yourself to the incident itself. What makes it reasonable for an objective observer to say that somebody standing above someone lying on the ground being hit in the head with a baseball bat is a reasonable exercise of self-defense? The state did not establish, the prosecution did not establish that Johnny was unable to get up and to chase after, I mean he could have gotten up and chased after Lawrence after he got away. But he didn't. The cases suggest that you look at this as a, you know, a person is not expected when they are confronted with these quickly unfolding events to use perfect judgment and errorable judgment. But what does a person do when they are confronted with somebody who approaches them with a baseball bat and starts beating on them? And although he may not have known of the circumstances before he arrived or after he left, those support his theory of the case. We know that this was a guy that was in such a violent state of mind that he was hitting a woman while holding a child, threatening people, threatening the women in the house. And afterwards was, you know, so combative. And this supports his position that this was a violent person and he was willing to do whatever it took to go after Lawrence. And when you look at self-defense cases, you admit evidence. It's called lynch material that comes in to show even if the defendant is not aware of the attacker's state of mind, this evidence is relevant to show, to support his theory of the case and to show that this was a violent person that he was defending himself against. So are you saying the court was unreasonable in concluding that the decedent had been overcome and that he was lying on the ground being hit in the head with a baseball bat? That at that point it was unreasonable for the court to conclude that the amount of force exercised at that point was excessive? Yes. Why is it wrong for a court to find that? Because it had found, the court had found that there were mitigating circumstances to support a finding of second degree. And thus the defendant had showed that there was evidence of the need for self-defense. It is then up to the state, and the state didn't present anything after that to show that he was no longer, had no reason to be in fear for his life when you have a person who is as violent as Johnny was. All we know is that he appeared to one witness to be knocked out, but he was still struggling. He was still coming at, he was still flailing his arms and legs. We don't know whether that was a voluntary flailing or an involuntary flailing. No, and that's the state's burden to prove that. Once the defendant has established a case of self-defense, the burden goes to the state to prove that the belief is unreasonable. And so they didn't present anything more than a passing statement that he appeared knocked out. But we also know he was flailing and struggling, and we know of the violent character of this person. I would say that the perception of a reasonable person caught up by a person, you know, accosted by a person with a baseball bat, they don't have the benefit of hindsight. They don't have 20-20 abilities. And so when you're confronted with this situation, the state did not disprove that he acted reasonable or did what he needed to do to safely extricate himself from the situation. If there are no other questions, we would ask that this Court reverse his conviction. Thank you. Thank you. May it please the Court. Again, John Nowak on behalf of the people. Defendant Lawrence Green committed second-degree murder when he beat an unarmed man to death with a baseball bat. Defendant may have believed that he needed to defend himself, but when the evidence is viewed in the light most favorable to the people as it must on appeal, a rational trier of fact could have found that the type and amount of force that he used was not necessary or that his belief in self-defense by beating an unarmed man to death with a bat was unreasonable. So how long does this altercation last? It does not appear to last long, Your Honor. So is there a point in time where Mr. Green rationally processes the notion that I no longer need to defend myself? When would that be? Again, Your Honor, reviewing this evidence in the light most favorable to the people, that would have been at the very latest when he had already beaten the victim to the ground. After he had already gotten on top of, first after he had disarmed the victim, after he had already knocked the victim to the ground, after he had already gotten on top of the victim, knees on the victim, pummeling him with both fists about both sides of the victim's head. That would have been the time when he stood up to grab that bat. He could have just grabbed that bat instead of beating then the victim over the head several times with that bat. That would have been the time. That would have been the time. He took that bat. When he picked up that bat, he could have just walked to his car. He didn't have to start beating him to death. You've got this unarmed victim who, without a bat in his hand, it takes three adults to strap him to the board. They can't administer emergency treatment to him in the ambulance because he's so combative, and they have to intubate him in the emergency room because he's so combative. Without a bat. Without any weapon. It takes three adults to subdue this person. That's true, Your Honor. And, again, viewing this evidence in the light most favorable to the people, that is the reason why the trial court found him guilty of second-degree murder and not first-degree murder. Without any of that evidence about how combative he was after the event and before, he would have been guilty of straight first-degree murder. It was that evidence of his combativeness afterwards and having to be restrained which caused this experienced trial judge here to mitigate this second-degree murder. And that's where it's relevant. How much time was there between when the emergency vehicle arrived and Mr. Green had left? There's no evidence as to how much time it elapsed. We don't know. We don't know how long he had had to recover. How was Mr. Green to, you know, you say he was on top of him and he gets up and takes the bat. And here you have somebody who's out of control, apparently. He was out of control before the fight, and he's out of control after the fight. Your Honor, he was not out of control when the defendant beat him to the ground. He wasn't out of control when the defendant was on top of him. Well, that's a fight that took a matter of seconds. I mean, you can't – how can you say who's in control? Nobody knows who is in control and who's not. The problem is that how is Mr. Green going to extricate himself from this situation when you have an individual who's in this kind of state and simply beat him to the face? Apparently, it did not come out because we don't know how long. It could have been even seconds later that the emergency vehicles arrived. We know for sure it wasn't seconds later because after the defendant had fled, the defendant's mother was seen holding the victim's head in her hands while blood was pouring out of his mouth and his ears. So we know that there was that. But, Your Honors, we know for sure that after the defendant had beat this man to the ground and after he beat him about the head with his fists, the victim was not able to get up when the defendant got off of him. The victim didn't get off the ground when the defendant stood up and grabbed that bat. The victim wasn't able to crawl away even. How do we know that? How do we know? We're talking about milliseconds here. Well, enough time for him to get off of the victim, then walk over, pick up the bat, grab it with two hands and beat him. Zucchini McCoy saw him beat that victim in the head at least three times. Then she had time to come downstairs. He's still ready to hit him, and only when the defendant's mother yells at the defendant does he then drop the bat and leave. That can only take a few seconds. But again, Your Honor, this all has to be viewed, again, in the light most favorable to the people. That is one thing you did not hear the defendant mention once in her argument before you today. It's something you will not see in her reply brief at all. You will see it in one single sentence in her opening brief. It doesn't matter. It's the law. So we understand. It is the law. And the fact is that law has to be applied to the facts. The defendant has not made an argument applying that law to the facts here. When that evidence is viewed in the light most favorable to the people, a rational trier of fact like Judge Claps here could have found that this was second-degree murder, that this evidence showed that the amount and type of force that he used was unnecessary, and that believing that he needed to do that to defend himself was unreasonable. He may have believed that he had to defend himself. That's why this became second-degree murder, not first. But we disprove beyond a reasonable doubt, especially viewed in the light most favorable to the people, that this was too much force, it was unnecessary, and the belief in self-defense was unreasonable. So Keena McCoy here was the only unbiased witness of this event. She never saw the victim with a bat. By the time she looked outside, they were already wrestling. She saw the defendant knock him down, saw him on top, beating him about the head, and then she looked to call the police, comes back, defendant's beating him mercilessly with a baseball bat. The victim never is able to crawl away. And the fact that he's combative afterwards or before, again, that is why Judge Claps found him guilty of second-degree murder and not street first-degree murder. Defendant's sister and his mother also testified here. They are obviously biased witnesses. Both were impeached with their statements both to Detective Hendricks, and with Katherine Green, she had told Detective Hendricks that she had seen the defendant standing over the victim with the bat, and she screamed at him to stop hitting him, and that she saw the defendant throw that bat to the sidewalk and drive away. At trial, she testified she didn't see anything. So the only person we have saying that is the stipulation. Again, and that goes to impeach her testimony about how she didn't see anything. Between the stipulated material from the officer versus her live testimony. Absolutely, Your Honor. And that just goes to show you how incredible Katherine Green's and LaShonda Smith's in-court testimony was. What we have, though, is Zucchini McCoy. She witnessed almost the entire incident. She's unbiased. She's not related to the defendant or the victim. And we know what she saw. She looked out that window when she heard something going on and saw the victim and the defendant wrestling. She goes to get her phone. She looks back out. The defendant's already got the victim subdued on the ground, is kneeling on him with his chest, and beating him about the head with his fist. She looks away again briefly to call the police. She looks back. The next thing she sees is the defendant beating the victim to death with a baseball bat. She missed an important moment. What was it? She did not. Between when she went to make that call. And certainly, Your Honor, when viewed in the light most favorable to people, certainly an inference could be drawn what happened during that gap, that short gap. Defendant, obviously, was no longer. He had been kneeling on the victim. When she looked back, he wasn't kneeling on the victim anymore. He was standing above him with a bat. Obviously, he had time to get up and get that bat. But what she did see was the victim still lying on the ground on his back, still unarmed. That's what she saw. And when all of this evidence is viewed in the light most favorable to the people, Your Honor, the people prove beyond a reasonable doubt that the amount and type of force this defendant used was unnecessary and unreasonable, and his belief in self-defense was unreasonable. This trial court judge has already heard this argument once and rejected it. The second attempt must be rejected as well. For these reasons and those in our brief, Your Honor, we ask this Court to affirm his conviction for second-degree murder. Thank you very much. Ms. Butler. We certainly acknowledge that at this stage in the proceedings, we look at the evidence in the light most favorable to the State. We argue, though, that the conclusion that they make, even looking at the facts in their favor, is unsupported by the evidence. We look at Lashonda. He appeared knocked out. That's not enough to show that he was incapacitated. The mother saw him or, according to the State, was yelling at him to put the bat down. We don't know at what point or what caused her to say that, if this was at the last blow or if he was already putting the bat down. They have the burden to prove that. And finally, as they acknowledge, Zucchini McCoy, the unbiased witness, was the one that said, yes, he was hitting him, but he continued to struggle. And while he, Lawrence, walked to his car, while, according to the State, he was still lying, Johnny was still lying on the ground, that shows only that he had made it to the point where he had subdued the person to the point where it was safe to walk away. When we're arguing about self-defense in response to a first- or second-degree murder charge, there's always a great amount of force that results in somebody's death. The question is, did the State prove that the person was unreasonable in using the force that they did to defend themselves? In this case, even in the light most favorable to the State, taking the facts in their favor, they did not meet that burden. If there are no other questions, thank you. Thank you very much. We'll take the case under advisement. I appreciate the briefs and the arguments at Council. Thank you very much. We'll adjourn.